UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISOV DENIZ,

Petitioner,

v.

MATTHEW PUTRA et al.,

Respondents.

Case No. 1:26-cv-2947

Hon. Hala Y. Jarbou

# OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will deny the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I. Procedural History

The habeas petition challenges the lawfulness of Petitioner's current detention and asks the Court to issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.7.) In an order entered on October 16, 2026, the Court directed Respondents to show cause why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 5.) Respondents filed their response on October 30, 2026. (ECF No. 8.)

## II. Relevant Factual Background

Petitioner is a native and citizen of Kyrgyzstan who entered the United States in 2018. (Cook Decl. ¶ 4, ECF No. 8-1, PageID.30.) On March 6, 2026, Petitioner was arrested by ICE agents. (Pet., ECF No. 1, PageID.4.) On July 1, 2026, an Immigration Judge ordered Petitioner removed to Turkey or, in the alternative, Russia or Kyrgyzstan. (Removal Order, ECF No. 8-2, PageID.37.) Both parties waived appeal of that order. (*Id.*) Petitioner filed a motion to reopen the proceedings on August 10, 2026, which was denied on August 28, 2026. (Cook Decl. ¶¶ 15, 19, ECF No. 8-1, PageID.30–31.)

Petitioner originally stated that he could not locate his passport. (*Id.* ¶ 16, PageID.30.) Therefore, ICE requested that Petitioner complete a request for a Russian travel document. (*Id.* ¶ 17.) Petitioner completed that paperwork on August 27, 2026, and the request was then forwarded to ICE Headquarters for approval. (*Id.* ¶ 18, PageID.31.)

ICE then submitted travel document requests to Turkey, Kyrgyzstan, and Russia. (*Id.* ¶¶ 24–27.) Turkey refused to issue a travel document for Petitioner, and the Kyrgyzstan Embassy informed ICE that it must first file an official inquiry with the relevant authorities. (*Id.* ¶¶ 24–25.) ICE was last in contact with Russia regarding the issuance of a travel document on October 23, 2026. (*Id.* ¶ 28.)

On October 25, 2026, Petitioner informed ICE that he is a Russian citizen, has a Russian passport, and is willing to go to Russia. (*Id.* ¶ 27.) ICE asked that Petitioner have his Russian passport sent to the ICE Detroit Field Office, but Petitioner has not complied. (*Id.* ¶¶ 27–29.)

## III. Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers upon the federal courts the power to issue

writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## IV. Merits Discussion

The parties agree that Petitioner's detention is governed by 8 U.S.C. § 1231 because Petitioner is subject to a final order of removal. (*See* Removal Order, ECF No. 8-2, PageID.37); 8 U.S.C. § 1101(a)(47)(B) (providing that a removal order "shall become final upon the earlier of (i) a determination by the Board of Immigration Appeals (BIA) affirming such an order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals"). Section 1231 provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). "During the removal period, the Attorney General *shall* detain the alien." 8 U.S.C. § 1231(a)(2)(A) (emphasis added).

Here, Petitioner's order of removal became final on July 1, 2026. Therefore, the 90-day period expired before Petitioner filed the present action on October 14, 2026.

In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court held that after expiration of the 90-day removal period, the Government may continue to detain the noncitizen for a "presumptively reasonable period" of time, which the Supreme Court concluded equaled six months. *Id.* at 701. Following that six-month period, "once [a noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* "[O]nce [a noncitizen's] removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699.

Petitioner has been detained for less than six months since his July 1, 2026, final order of removal. "Although the Supreme Court established a six-month period of presumptively reasonable detention," courts have found that *Zadvydas* does "not preclude a detainee from challenging the reasonableness of his detention before such time." *See, e.g.*, *Munoz-Saucedo v. Pittman*, 789 F. Supp. 3d 387, 395–96 (D.N.J. 2025) (citing, *inter alia*, *Zadvydas*, 533 U.S. at 699–701; *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 706–07 (S.D. Tex. 2020); *Hoang Trinh v. Homan*, 333 F. Supp. 3d 984, 994 (C.D. Cal. 2018)); *Ali v. Dep't of Homeland Sec.*, 451 F. Supp. 3d 703, 707 (S.D. Tex. 2020) ("This six-month presumption is not a bright line, however, and *Zadvydas* did not automatically authorize all detention until it reaches constitutional limits." (citations omitted)). That is, during the six-month period of detention, "[t]he presumption of reasonableness is the default," and "the government bears no burden to justify detention," "but if a person 'can prove' that his removal is not reasonably foreseeable, then he can overcome that presumption." *Id.* at 397 (citations omitted).

Based upon the record before the Court, Petitioner has not met his burden of *proving* that "there is no significant likelihood of removal in the reasonably foreseeable future" as is required at this early stage of detention. *Zadvydas*, 533 U.S. at 701. Accordingly, the Court will deny Petitioner's § 2241 petition without prejudice.

## Conclusion

For the reasons discussed above, the Court will enter a judgment denying Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice. (ECF No. 1.)

Dated: November 4, 2026

/s/ Hala Y. Jarbou
HALA Y. JARBOU
CHIEF UNITED STATES DISTRICT JUDGE